UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     MARYAM NAWROZ | ) | Case No. 10-20633-BFK |
| | ) | Chapter 7 |
|     Debtor | ) | |
| | ) | |
| WELLS FARGO ADVISORS, LLC | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 11-01183 |
| | ) | |
| MARYAM NAWROZ | ) | |
| | ) | |
|     Defendant | | |

**MEMORANDUM OPINION**

    This matter comes before the Court on the Motion of the Plaintiff, Wells Fargo Advisors, LLC, formerly known as Wachovia Securities, LLC ("Wells Fargo"), for summary judgment pursuant to Bankruptcy Rule 7056.

    The Court has jurisdiction pursuant to 11 U.S.C. § 1334, and the Order of Reference of the United States District Court of this District entered August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). For the reasons stated below, the Motion will be denied.

**Undisputed Facts**

    The Debtor held two accounts at the Plaintiff's predecessor, Wachovia Securities. As of April 9, 2008, the Debtor held a Certificate of Deposit Account, with a balance of $28,032.12, and a Retirement Account, with a balance of $0.00. On April 9, 2008, the Debtor requested that Wachovia Securities transfer the funds held in the Certificate of Deposit Account to her

1

Retirement Account. In complying with this request, Wachovia mistakenly credited the Debtor's retirement account twice, once with the balance held in the Certificate of Deposit Account, $28,032.12, and then with an additional deposit of $28,029.99. Woodward Declaration, par. 5. On April 19, 2008, the Debtor instructed Wachovia to close the Retirement Account and transfer the balance to Union Bank of California. *Id.* at par. 6. Wachovia complied with this request, and transferred $56,043.24 to Union Bank. *Id.;* Exh. 3 to Woodward Declaration.

The Debtor then transferred the entire amount of $56,043.24 to another account at Union Bank. On May 1, 2008, the Debtor wrote a check in the amount of $81,000 to Khalil Wahedi. That check would not have cleared, but for the mistaken transfer of $28,029.99 by Wachovia Securities.

Wachovia Securities then brought an action against the Debtor in the Superior Court of California. On October 5, 2010, the Superior Court entered a default judgment against the Debtor in the amount of $36,962.71, consisting of $28,029.99 in principal, $1,790.90 in attorneys' fees, $6,712.32 in pre-judgment interest, and $429.50 in costs ("the California judgment").

The Debtor filed a voluntary bankruptcy petition in this Court on December 22, 2010. Wells Fargo, as successor to Wachovia Securities, brings this action to have the debt declared non-dischargeable, pursuant to 11 U.S.C. § 523(a)(2)(A) (actual fraud), and § 523(a)(6)(willful and malicious injury to the property of another). Wells Fargo has moved for summary judgment pursuant to Bankruptcy Rule 7056. The Debtor has filed a Response, and the matter is ripe for a determination by the Court.

**Discussion**

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Bankr.P. 7056. The moving party has the initial burden of showing that there are no material facts in dispute, and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24 (1986). When the moving party has met its initial burden, the burden then shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986). Whether a fact is material or not depends on the substantive law at issue in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Only disputes that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

Here, Wells Fargo moves for summary judgment on two grounds. First, Wells Fargo asserts that it is entitled to judgment as a matter of law because the issues were litigated in the State courts of California, and that the California judgment is entitled to collateral estoppel effect in this Court. Second, Wells Fargo argues that, in any event, the facts surrounding the transfer in this case are not materially in dispute, and that it is entitled to judgment as a matter of law under Sections 523(a)(6) or 523(a)(2)(A), Bankruptcy Code. The Court disagrees on both counts, and holds that summary judgment is not appropriate, for the reasons stated below.

*1. Is the California Judgment Entitled to Collateral Estoppel ?*

The Supreme Court has made it clear that collateral estoppel principles apply in Section 523 dischargeability cases. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654 (1991). This Court

is obligated to give the California judgment the same preclusive effect that the judgment would have in the State courts of California. 28 U.S.C. § 1738.

For collateral estoppel to apply in California: (a) the issue must be identical to that decided in the former proceeding; (b) the issue must have been actually litigated; (c) it must have been necessarily decided in the former proceeding; and (d) the parties must be the same, or in privity. *Cal-Micro, Inc. v. Cantrell (In re Cantrell),* 329 F.3d 1119, 1123 (9th Cir. 2003) (quoting *Harmon v. Kobrin (In re Harmon),* 250 F.3d 1240, 1245 (9th Cir. 2001)). Moreover, it is clear that under California law, default judgments are entitled to preclusive effect, provided that the defendant was personally served with the summons, or had actual knowledge of the existence of the litigation. *Cal-Micro, Inc.*, 329 F.3d at 1124 (citing *Williams v. Williams (In re Williams' Estate),* 36 Cal.2d 289, 223 P.2d 248, 254 (1950)). In addition, a decision has a preclusive effect "'only where the record shows an express finding upon the allegation' for which preclusion is sought." *Cal-Micro, Inc.*, 329 F.3d at 1124 (citing *Williams v. Williams (In re Williams' Estate),* 36 Cal.2d 289, 223 P.2d 248, 254 (1950)).

Here, the Court is not satisfied that the issue of the Debtor's fraud or conversion was "actually litigated." The Court has before it the Complaint (Plaintiff's Exh. 7), the Declaration of Barbara Woodward in Support of Application for Default Judgment (Plaintiff's Exh.9), and the Judgment by Default (Plaintiff's Exh. 9). The Complaint alleges a breach of a written contract (Count One), Conversion (Count Two), Unjust Enrichment (Count Three) and Money Had and Received (Count Four). The Plaintiff did not allege fraud in the California Complaint.[1] The only cause of action that would support a determination of non-dischargeability in this Court

---

[1] This is not fatal to the Plaintiff's 523(a)(2)(A) cause of action for actual fraud in this Court. *See Brown v. Felsen,* 442 U.S. 127 (1979).

would be the Second cause of action, that of conversion (which arguably could give rise to a determination of non-dischargeability under 11 U.S.C. § 523(a)(6)).

More importantly, the Woodward Declaration, while setting out the basic facts of the transaction, states: "By executing the Adoption Agreement, Nawroz agreed to be bound by the terms and conditions of the Traditional Retirement Trust Account and Disclosure Statement for Bank Investments ('Disclosure Statement')." Woodward Declaration, par. 4. The Woodward Declaration does not discuss the allegation of fraud (which as noted, was not plead in the Complaint), nor the allegation of conversion (which was). The Judgment by Default is not entirely clear as to its legal basis, but it is clear that the Judgment by Default was based on the Woodward Declaration. In the absence of any evidence of fraud or conversion being submitted to the Superior Court in support of the Judgment by Default, the Court cannot say with any confidence that the issues of fraud or conversion were actually litigated in the State Court in California.

> 2. *Is the conversion of the funds non-dischargeable as a matter of law under 11 U.S.C. § 523(a)(6)?*

In order to find Wachovia's claim non-dischargeable under Section 523(a)(6), Bankruptcy Code, the Court must first determine whether the Debtor committed the tort of conversion. Under California law, the "elements of a conversion cause of action are (1) plaintiffs' ownership or right to possession of the property at the time of the conversion; (2) defendants' conversion by a wrongful act or disposition of plaintiffs' property rights; and (3) damages." *Hartford Fin. Corp.*, 96 Cal. App. 3d at 598 (quoting *Baldwin v. Marina City Props., Inc.*, 79 Cal. App. 3d 393, 410 (Cal. App. 2d Dist. 1978)). Conversion further includes:

> any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein. It is not necessary that there be a manual taking of

>    the property; it is only necessary to show an assumption of control or ownership over the
>    property, or that the alleged converter has applied the property to his own use.

*Hartford Fin. Corp.,* 96 Cal. App. 3d at 598 (Cal. App. 2d Dist. 1979).

In this case, even though the debtor denies any affirmative taking of the funds in question, in spending the funds, she undoubtedly exerted wrongful dominion over Wells Fargo's property in denial of its rights therein. Therefore, the Court likely has a sufficient basis to determine that the debtor committed the tort of conversion as defined under California law.

Even so, however, not every tort judgment for conversion is exempt from discharge. *Kawaauhau v. Geiger*, 523 U.S. 57, 64, 118 S.Ct. 974, 977 (1998) (citing *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 55 S. Ct. 151 (1934)). Section 523(a)(6) excepts debts from a debtor's discharge that are the result of "willful and malicious injury by the debtor to another entity or to the property of another entity." To succeed on its Section 523(a)(6) claim, Wells Fargo must prove that the Debtor's act of conversion was both willful and malicious.

In characterizing the willfulness prong of Section 523(a)(6), the Supreme Court held that willfulness requires more than just a negligent, or even a reckless, injury; rather, the term "willful" requires a deliberate or intentional injury, "not merely a deliberate or intentional act that leads to injury." *Kawaauhau*, 523 U.S. at 61. In *First National Bank v. Stanley (In re Stanley)*, the Fourth Circuit further stated that:

>    … it is the debtor's subjective state of mind that is relevant; it does not matter that a "reasonable debtor" should have known that his act would adversely affect another's rights. However, a particular debtor's knowledge may be proved by circumstantial evidence: "Implied malice ... may be shown by the acts and conduct of the debtor in the context of [the] surrounding circumstances."

66 F.3d 664, 667 (4th Cir. 1995) (citing *St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1009 (4th Cir.1985); *In re McNallen*, 62 F.3d 619, 625 (4th Cir. 1995)).

6

With respect to the malice element, the Fourth Circuit explained that "[a] debtor may act with malice even though he or she bears no subjective ill will toward, and does not specifically intend to injure, his [or her] creditor." *Stanley*, 66 F.3d at 667.

Here, the Debtor disputes both the malice and willful elements of Wells Fargo's Section 523(a)(6) claim.  Although the element of malice arguably has been satisfied, the Court does not believe it appropriate to make a determination as to the Debtor's subjective intent on a motion for summary judgment, and therefore cannot rule on the element of willfulness.  In a similar context, that of intent to defraud under Section 727(a)(4), the Fourth Circuit held that the Debtor's intent is rarely, if ever, appropriate for disposition on summary judgment. *Mercantile Peninsula Bank v. French (In re French),* 499 F.3d 345, 354 (4th Cir. 2007) ("In the summary judgment context, a court is simply not empowered to make such determinations ."). Accordingly, the Court finds the Debtor's willfulness to be a material fact in dispute, and is constrained to deny Wells Fargo's Motion under Section 523(a)(6).

*3. Is the Wells Fargo Claim Non-Dischargeable Pursuant to 11 U.S.C. 523(a)(2)(A)?*

Finally, Wells Fargo asserts that its claim is non-dischargeable pursuant to Section 523(a)(2)(A) of the Code, the "actual fraud" provision of Section 523.  In *Foley & Lardner v. Biondo (In re Biondo)*, the Fourth Circuit indicated that, to succeed on a claim for actual fraud, "a plaintiff must prove four elements: (1) a fraudulent misrepresentation; (2) that induces another to act or refrain from acting; (3) causing harm to the plaintiff; and (4) the plaintiff's justifiable reliance on the misrepresentation."  180 F.3d 126, 134 (4th Cir. 1999) (citing *Field v. Mans*, 516 U.S. 59 (1995); Restatement (Second) of Torts § 525 (1976)).  Here, the Court cannot find any evidence of a misrepresentation, express or implied, by the Debtor, in Wells Fargo's mistaken deposit to the Plaintiff's account.  Nor can the Court discern any reliance by Wells Fargo. *See*

7

*FCS Securities Corp. v. Helms (In re Helms),* 2004 WL 1960150 (Bankr. M.D. N.C. Sept. 2, 2004).  In fact, the Debtor denies knowing of the transfer, until after the fact (though, she unquestionably kept the money, and spent it).  Accordingly, the Court will deny the Motion for Summary Judgment under Section 523(a)(2)(A).

## Conclusion

For the foregoing reasons, the Court denies the Motion for Summary Judgment.  An appropriate Order will be entered consistent with this Memorandum Opinion.

Date: _____
Brian F. Kenney
United States Bankruptcy Judge

Copies to:

Nicole Elizabeth Stadelmaier-Westfall, Esquire
Fiore & Levine, PLLC
5311 Lee Highway
Arlington, VA 22207
Counsel for the plaintiff

Maryam Nawroz
5948 Atteentee Rd. #B
Springfield, VA 22150
Defendant *pro se*