**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MARYAM NAWROZ | ) | Case No. 10-20633-BFK |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| WELLS FARGO ADVISORS, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 11-01183 |
| | ) | |
| MARYAM NAWROZ | ) | |
| | ) | |
| Defendant | | |

**MEMORANDUM OPINION**
**DECLARING DEBT TO BE NON-DISCHARGEABLE**

This matter came before the Court for a trial on the merits on the Complaint of the Plaintiff, Wells Fargo Advisors, LLC, formerly known as Wachovia Securities, LLC ("Wells Fargo"), to determine the dischargeabilty of a debt owed by the Debtor, Ms. Nawroz.  This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law under Bankruptcy Rule 7052.  For the reasons stated below, the debt is determined to be non-dischargeable under 11 U.S.C. § 523(a)(6).

**Findings of Fact**

As of April 11, 2008, the Debtor held a Certificate of Deposit Account, with a balance of $28,032.12, at Wachovia Securities.  Plaintiff's Exh. 4 (Acct. No. **********21867).  At about that time, the Debtor requested that Wachovia Securities transfer the funds held in the Certificate of Deposit Account to her Retirement Account (Acct. No. **********51836).  In complying

with this request, Wachovia mistakenly credited the Debtor's retirement account twice, once with the balance held in the Certificate of Deposit Account, $28,032.12, and then with an additional deposit of $28,029.99. *Id.* On or about April 19, 2008, the Debtor instructed Wachovia to close the Retirement Account and transfer the balance to Union Bank of California. Wachovia complied with this request, and transferred $56,043.24 to Union Bank. *Id.* (4/18/2008 "Direct Transfer Out"); Plaintiff's Exhibit 8 (4/23/08 "Direct Transfer In").

The Debtor then transferred the entire amount of $56,043.24, along with $3,900.00 that she had previously contributed to the account, to her checking account at Union Bank. Plaintiff's Exhibit 8 (4/30/08 "Early Withdrawal"); Plaintiff's Exhibit 7 (4/30 $59,943.24 "IRA Distribution"). On May 2, 2008, the Debtor wrote check no. 908001 in the amount of $81,000.00 to Khalil Wahedi. Plaintiff's Exhibit 7. That check would not have cleared, but for the mistaken transfer of $28,029.99 by Wachovia Securities.

The Debtor filed a voluntary bankruptcy petition in this Court on December 22, 2010. Wells Fargo, as successor to Wachovia Securities, brings this action to have the debt declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). The Complaint originally stated claims under 11 U.S.C. § 523(a)(2) (actual fraud) (Count I), 11 U.S.C. § 523(a)(4) (larceny) (Count II), and 11 U.S.C. § 523(a)(6) (willful and malicious injury) (Count III). However, at trial, the Plaintiff abandoned Counts I and II, and went forward on Count III only.

The Debtor testified that at that time, in April of 2008, she was severely depressed, to the point of two suicide attempts. She testified that her boyfriend had left her, and that she was not keeping track of any of her business affairs. She testified that her home was in foreclosure, and that she ultimately lost what she had invested in the home, roughly $70,000. She also lost her business, a delicatessen in which she had invested approximately $125,000.

The Debtor testified that she did not know that the additional funds had been transferred to her account at Union Bank. She testified that the funds had been sent by Wachovia directly to Union Bank, and she never saw the Wachovia bank check. Finally, the Debtor testified that she ultimately used the funds to help avert a family emergency.

## Conclusions of Law

The Court has jurisdiction pursuant to 11 U.S.C. § 1334, and the Order of Reference of the United States District Court of this District entered August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

The Plaintiff bears the burden of proof as to the non-dischargeability of a debt. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed. 2d 755 (1991). The standard of proof is preponderance of the evidence. *Id.*

Section 523(a)(6) excepts from a debtor's discharge debts that are the result of "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). To succeed on its Section 523(a)(6) claim, Wells Fargo must prove that the Debtor's acts with respect to Wells Fargo's property were both willful and malicious.

In characterizing the willfulness prong of Section 523(a)(6), the Supreme Court has held that willfulness requires more than just a negligent, or even a reckless, injury; rather, the term "willful" requires a deliberate or intentional injury, "not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). While an injury may be found to be willful and malicious under § 523(a)(6) "'only if the actor purposefully inflicted the injury or acted with substantial certainty that injury would result,'" "[a] debtor may be assumed to intend the natural consequence of his acts." *Janssens v. Freedom Med., Inc.*, 2011 U.S. Dist. LEXIS 46670, at *15-16 (D. Md. Apr. 29, 2011) (citations omitted) (quoting *Viener v. Jacobs*

3

*(In re Jacobs)*, 381 B.R. 128, 137 (Bankr. E.D. Pa. 2008)) (finding a Debtor's actions to be willful under Section 523(a)(6) where the Debtor failed to disclose that he was simultaneously working for a competitor in contravention of a non-compete agreement).

Here, the Debtor started with only $28,032.12 in her account at Wachovia. The deposit of the additional $28,029.99 was clearly a mistake on the part of the Bank. The Court credits the Debtor's testimony that she did not see the bank check from Wachovia, and that it was sent directly from Wachovia to Union Bank. However, the Debtor proceeded to write a check for $81,000 on the Union Bank account, using funds that she knew were not hers to spend. The Debtor's Response to Request for Admission No. 3 states "I knew my balance," in response to the request to admit or deny that she was "aware in April 2008 that the value of [her] Certificate of Deposit, account No. xxxxxxxxxxx1867, at the time of its maturity was no more than $28,032.12." Plaintiff's Exh. 11, p. 3. The $81,000 check would not have cleared, but for the mistaken deposit by Wachovia. Accordingly, the Court finds that the Debtor's use of the funds was both deliberate and intentional, and that the Debtor intended the natural consequence of her acts–that is, the deprivation from Wachovia of the rightful use of its funds. Consequently, the Debtor's actions satisfy the willful element of Section 523(a)(6).

With respect to the malice element, the Fourth Circuit has explained that "[a] debtor may act with malice even though he or she bears no subjective ill will toward, and does not specifically intend to injure, his [or her] creditor." *First Nat'l Bank v. Stanley (In re Stanley)*, 66 F.3d 664, 667 (4th Cir. 1995). The Fourth Circuit further stated that:

> … it is the debtor's subjective state of mind that is relevant; it does not matter that a "reasonable debtor" should have known that his act would adversely affect another's rights. However, a particular debtor's knowledge may be proved by circumstantial evidence: "Implied malice ... may be shown by the acts and conduct of the debtor in the context of [the] surrounding circumstances."

66 F.3d 664, 667 (4th Cir. 1995) (citing *St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1009 (4th Cir. 1985); *In re McNallen*, 62 F.3d 619, 625 (4th Cir. 1995)).  Moreover, a debtor's injurious act done "'deliberately and intentionally in knowing disregard of the rights of another,'" is sufficiently willful and malicious, and will prevent discharge of the debt.  *Stanley*, 66 F.3d at 667 (quoting *St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1010 (4th Cir. 1985)).

      Here, the Debtor made a conscious choice to use the funds, rather than to alert Union Bank or Wachovia of the mistake.  Although in this case the Debtor sought to use the funds to avert a family emergency, in *In re Stanley*, the Fourth Circuit stated that the proper focus is not on the Debtor's good intentions, but simply on her exercise of dominion and control over funds that she knew belonged to another. *In re Stanley*, 66 F.3d at 668.  Consequently, the Court is constrained to find that the Debtor's actions were malicious under Section 523(a)(6).

      In sum, the Court finds that the Debtor's actions were willful and malicious, and the debt is declared to be non-dischargeable.[1]

## Conclusion

      For the foregoing reasons, the Court finds the debt owed to Wells Fargo Advisors in the amount of $28,029.99 to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).  An Order will be entered consistent with this Memorandum Opinion.

Date:                                                           _____
                                                            Brian F. Kenney
                                                            United States Bankruptcy Judge

---

[1] The Court need not enter a money judgment, as Wachovia already has a judgment from the State Courts of California as to this debt.

Copies to:

Nicole Elizabeth Stadelmaier-Westfall, Esquire
Fiore & Levine, PLLC
5311 Lee Highway
Arlington, VA 22207
Counsel for the plaintiff

Maryam Nawroz
5948 Atteentee Rd. #B
Springfield, VA 22150
Defendant *pro se*